IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J.Y.L.C.,

Petitioner,

v.

DREW BOSTOCK, Seattle Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operation, KRISTI NOEM, Secretary of Homeland Security, PAMELA BONDI, Attorney General, TODD LYONS, Acting Director of Immigration and Customs Enforcement, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and U.S. DEPARTMENT OF JUSTICE,

Respondent(s).

Case No. 3:25-cv-02083-AB

Agency No. A216-442-123

ORDER

**BAGGIO, District Judge:**

Petitioner J.Y.L.C., a citizen of Guatemala detained by Respondents on November 8, 2025, in Aloha, Oregon, filed a petition for habeas corpus.[1] Petitioner requests that this Court: Assume jurisdiction over this matter; Order Respondents to show cause within three days why this petition should not be granted; Bar Respondents from removing petitioner from the District of Oregon absent further order of this court; Issue a Writ of Habeas Corpus ordering Petitioner's release from custody; Award Petitioner his attorney's fees and costs; and Grant any other relief that the Court deems just and proper. [ECF 1] To date, Petitioner has not served a copy of their Petition on Respondents. Petitioner also filed a motion for temporary restraining order in which Petitioner seeks an order barring Respondents from removing Petitioner from the District of Oregon and further seeks Petitioner's immediate release from custody. [ECF 2].

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of this Petition upon Respondents and the Interim United States Attorney for the District of Oregon, Scott Bradford (scott.bradford@usdoj.gov).

2. Respondents shall, **within twenty-four hours of being served with this Order**, answer or respond to the Petition and Motion for Temporary Restraining Order.

3. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas

[1] Petitioner is permitted to proceed by initials. Petitioner has already provided their Agency Number in order for Respondents to identify Petitioner.

corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order**. Respondents are further ordered to state the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

6. Respondents are to provide Petitioner's Counsel reasonable access to Petitioner during the pendency of this litigation.

IT IS SO ORDERED.

DATED this 8th day of November, 2025.

Amy M. Baggio
AMY M. BAGGIO
United States District Judge