IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J.Y.L.C.,

    Petitioner,

  v.

DREW BOSTOCK, Seattle Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operation, KRISTI NOEM, Secretary of Homeland Security, PAMELA BONDI, Attorney General, TODD LYONS, Acting Director of Immigration and Customs Enforcement, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and U.S. DEPARTMENT OF JUSTICE,

    Respondents.

Case No. 3:25-cv-02083-AB

OPINION & ORDER

1 – OPINION & ORDER

Nicholas Costa
Passage Immigration Law
PO Box 4245
Portland, OR 97208

    Attorney for Petitioner

Scott E. Bradford
United States Attorney
Sarah E. Feldman
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936

    Attorneys for Respondents

**BAGGIO, District Judge:**

Petitioner J.Y.L.C., a citizen of Guatemala detained by Respondents[1] on November 8, 2025, petitions this Court for a writ of habeas corpus. Pet. Writ Habeas Corpus ("Pet."), ECF No. 1. Petitioner also moves for a temporary restraining order ("TRO"). Mot. TRO, ECF. No. 2. Respondents oppose both. Resp. Habeas Pet. and Mot. TRO ("Resp."), ECF No. 11.

For the reasons below, the Court grants in part Petitioner's petition for habeas corpus, thereby mooting his request for a TRO.

## BACKGROUND

Petitioner, a citizen of Guatemala, arrived in the United States in December 2017 as a 16-year-old unaccompanied minor fleeing gang violence in his home country. Pet'r Decl. ¶¶ 1, 4, ECF No. 14-1; Resp. 2. Because Petitioner was a minor, he was in the custody of the Office of

---

[1] Respondents report that Drew Bostock is no longer the Seattle Field Office Director and instead the current Seattle Acting Field Office Director is Laura Hermosillo. Resp. 1 n.1.

2 – OPINION & ORDER

Refugee Resettlement until he was released in January 2018 to the custody of his mother's partner, and ultimately his mother. Officer Decl. ¶¶ 3, 5, 7, ECF No. 12; Resp. 2.

In 2019, upon turning 18-years-old, Petitioner was placed on a new Order of Release on Recognizance that contained conditions of release. Resp. 2–3 (citing Officer Decl. ¶ 8). Among those conditions was to obtain advance written permission from Respondents prior to a change in address. Resp. 3 (citing Officer Decl. ¶ 11). Also in 2019, Petitioner filed an application for asylum; Petitioner has a hearing on his asylum claim on December 16, 2025. Pet. ¶ 20.

Petitioner is the father to a 13-month-old child and the sole financial support of his young family. Pet'r Decl. ¶ 2. He is employed in construction and lives with his family in Beaverton, Oregon. *Id*. ¶ 3; Pet'r's Reply 13, ECF No. 14. There is no allegation that Petitioner violated any condition of his release between 2019 and November 8, 2025.

On the morning of November 8, 2025, Petitioner was pulled over by Respondents. Resp. 4 (citing Officer Decl. ¶ 14). Respondents aver that they were in Beaverton, Oregon, "randomly running the license plates of vehicles traveling around them and the names and dates of birth of the registered owners of those vehicles through DHS systems to determine if the registered owner was in the United States unlawfully . . . ." Resp. 3–4. Respondents further state that "[v]ehicles were chosen at random and were not targeted based on any characteristics of the driver or the vehicle." *Id.* at 4.

Respondents ran the vehicle driven by Petitioner and found that the vehicle was registered to Petitioner, that Petitioner is in the United States unlawfully with upcoming removal proceedings, and that the vehicle's registration listed a different address from the address Petitioner had last reported to Respondents in 2022. Resp. 3–4 (noting Petitioner last filed change of address with Respondents on February 10, 2022). Respondents aver that an I-200

3 – OPINION & ORDER

administrative arrest warrant was hand generated in the field before the vehicle stop because, if Petitioner had in fact failed to update his address, that failure "rendered him a flight risk." Resp. 4 (citing Officer Decl. ¶ 16).

During the vehicle stop, Petitioner admitted that he lived at the address listed on the vehicle registration and had not notified Respondents of his change of address. Resp. 5 (citing Officer Decl. ¶ 18). Petitioner also admitted to driving without a license. *Id.* (citing Officer Decl. ¶ 19). Respondents then detained Petitioner. Officer Decl. ¶ 20.

Petitioner filed the instant habeas petition and TRO at 4:58 PM on November 8, 2025. ECF No. 10. Respondents report that Petitioner was removed from the District of Oregon and transferred to the Northwest ICE Processing Center in Tacoma, Washington at 5:07 PM. *Id.* Based on these reports, the Court determined that it received the filings after detention but before transfer and thus retained jurisdiction. *Id.* The parties did not dispute jurisdiction in their subsequent filings.

## DISCUSSION

Petitioner seeks a writ of habeas corpus and the issuance of a TRO, arguing that his arrest and detention are unlawful. To obtain habeas relief, Petitioner must prove that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Respondents justify their detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) and 8 U.S.C. § 1226(a). Resp.[2]

---

[2] Respondents complain that they were required to respond to Petitioner's Petition in 24-hours and over the weekend and that this was insufficient time "to fully investigate Petitioner's claims and evaluate potential defenses." Resp. 17 n.5. The Court's decision to expedite Respondents' filing deadline stems in part from Respondents' assertions in multiple immigration habeas cases that they possess an unqualified right to arrest and detain under 8 U.S.C. § 1225(b) all persons present without legal status, despite dozens of district courts finding such arrests and detention unlawful. *See* Section I infra. While Respondents reserved the right to raise additional

4 – OPINION & ORDER

I.      **Detention under 8 U.S.C. § 1225**

Respondents report that "Petitioner is currently detained pursuant to INA § 235(b)(2)." Resp. 5; Officer Decl. ¶ 23.[3] Detention under 8 U.S.C. § 1225(b)(2) of a person already present in the United States—here, an individual present since 2017 and in asylum proceedings since 2019, Resp. 2–3—is unlawful.

This Court previously rejected this dubious assertion by Respondents in *S.Z.D. v. Wamsley et al.*, 3:25-cv-01931-AB, ECF No. 12, a conclusion consistent with the holdings of dozens of district courts across the country, including but not limited to: *Rodriguez Vasquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025); *Salcedo Aceros v. Kaiser, et al.*, 25-CV-06924-EMC (EMC), 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); *Maldonado Vazquez v. Feeley*, 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Romero v. Hyde*, CV 25-11631-BEM, —— F.Supp.3d ——, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Martinez v. Hyde*, CV 25-11613-BEM, —— F.Supp.3d ——, 2025 WL 2084238 (D. Mass. July 24, 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *dos Santos v. Lyons*, No. 1:25-CV-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted sub nom.*, *Rocha Rosado*

---

arguments in a Supplemental Response "if necessary[,]" Resp. 17 n.5, Petitioner filed his Reply on November 10, 2025, within 24-hours of Respondents' Response as ordered by the Court, and Respondents submitted no request to file additional briefing. There appear to be no facts in dispute and therefore the Court concludes based on the written submissions that this case is ripe for decision.

   [3] Respondents alternate between statutory citation formats in their citations to the Immigration and Nationality Act. At times, Respondents cite INA provisions. *E.g.*, Resp. 5 (citing INA § 235(b)(2)). In other places, Respondents cite those provisions in United States Code. *E.g.*, Resp. 6 (citing § 8 U.S.C. 1225(b)(2)). These citations are identical. The Court will use citations to United States Code throughout.

5 – OPINION & ORDER

*v. Figueroa*, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, 25 CIV. 5937 (DEH), ––– F.Supp.3d ––––, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Leal-Hernandez v. Noem*, 1:25-CV-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Maldonado v. Olson*, No. 25-cv-3142 (SRN/SGE), ––– F. Supp. 3d –––– , 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Velasquez Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Beltran Barrera v. Tindall*, 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Lopez-Campos v. Raycraft*, 2:25-CV-12486, ––– F.Supp.3d ––––, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Jimenez v. FCI Berlin, Warden*, 25-CV-326-LM-AJ, ––– F.Supp.3d ––––, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Chogllo Chafla v. Scott*, 2:25-CV-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 21, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-CV-01789-ODW (DFMX), 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Mosqueda v. Noem*, 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Kostak v. Trump*, CV 3:25-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574 (W.D. Wash. Oct. 7, 2025); *Garcia Domingo v. Castro*, No. 1:25-cv-00979-DHU-GJF, 2025 WL 2941217 (D.N.M. Oct. 15, 2025); *Aguilar Merino v. Ripa*, 25-23845-CIV, 2025 WL 2941609 (S.D. Fla. Oct. 15, 2025); *Guerrero Lepe v. Andrews*, No. 1:25-cv-01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Hernandez Lopez v. Hardin*, No. 2:25-cv-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Capote v. Sec. Dep't Homeland Sec.*, No. 25-13128, 2025 WL 3089756 (E.D. Mich. Nov. 5, 2025); *Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025); *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL

2886346 (S.D. Tex. Oct. 7, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Hasan v. Crawford*, No. 1:25-CV-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981, 2025 WL 2607924 (D. Mass. Sept. 9, 2025).

Thus, Respondents may not detain Petitioner on § 1225 grounds.

**II.    Detention Under 8 U.S.C. § 1226**

Respondents also appear to justify Petitioner's detention under § 1226(a) and 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). Resp. 7–8.[4] Respondents argue that by failing to update his address and driving without a license, Petitioner violated the terms of his conditions. Resp. 13. Petitioner counters that detention under § 1226(a) requires a prompt bond hearing. Pet. ¶ 24. It appears that Respondents agree that Petitioner is entitled to request a bond hearing, although Respondents make no commitment to provide one. Resp. 8. There is no evidence to suggest Petitioner has been given a bond hearing since his arrest on November 8, 2025.

The Supreme Court is clear that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez*, 2025 WL 2371588, at *13 ("To be sure, a noncitizen detained under § 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

Because Respondents also claim Petitioner is subject to mandatory detention under § 1225(b), it is unclear whether the Tacoma immigration court would grant a bond hearing, even if pursuant to § 1226. *See Rodriguez Vasquez*, 2025 WL 2782499, at *2–4 (finding that the Tacoma Immigration Court has adopted a policy of denying bond hearings for individuals

---

[4] The Court notes that Respondents' sole witness states that Petitioner's detention is only under § 1225. Officer Decl. ¶ 23 ("Petitioner is currently detained pursuant to INA § 235(b)(2).").

7 – OPINION & ORDER

detained under § 1225 and holding that "[Respondents'] practice of denying bond hearings [to individuals detained pursuant to § 1225] violates the INA"). In light of this practice by Respondents, the Court orders the Tacoma Immigration Court provide bond hearing within two business days of this Order.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

8 – OPINION & ORDER

## CONCLUSION

The Court concludes that the Respondents may not rely on 8 U.S.C. § 1225(b)(2) to arrest and/or detain Petitioner. As for the alternative basis for arrest and detention, 8 U.S.C. § 1226(a), the Court concludes that while Respondents may revoke conditional release pursuant to 8 U.S.C. § 1226(a), Petitioner is entitled to a prompt bond hearing. Therefore, Petitioner is to be given a bond hearing before an immigration judge within two business days of this Order. If no such bond hearing is conducted within the timeframe set forth by this Order, the Court directs Respondents to release Petitioner on conditions previously imposed by the immigration court pending further proceedings, including an out-of-custody review of conditional bond before the immigration court.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED IN PART and the Court finds as follows:

Petitioner is to be given a bond hearing before an immigration judge within two business days and if such bond hearing does not take place, Petitioner is to be released immediately for appearance at a bond hearing out of custody; and

Respondents are further ENJOINED from pursuing detention of Petitioner on the basis of 8 U.S.C. § 1225(b)(2) because that statute does not apply to Petitioner.

Any pending motions, including the Motion for Temporary Restraining Order [2], are denied as moot.

IT IS SO ORDERED.

DATED this  12th  day of November, 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

9 – OPINION & ORDER